# EXHIBIT A

**ARBITRATION UNDER JAMS RULES**

| |
|---|
| NOKIA OF AMERICA CORPORATION,<br><br>*Claimant,*<br><br>- against -<br><br>AT&T TELEHOLDINGS, INC.; AT&T INC.; AT&T DW HOLDINGS, INC., AS SUCCESSOR TO BELLSOUTH CORPORATION; VERIZON COMMUNICATONS INC.; and QWEST CORPORATION D/B/A CENTURYLINK QC,<br><br>*Respondents.* |

**FINAL AWARD**

WE, THE UNDERSIGNED ARBITRATORS, having been designated in accordance with the Passaic River Matters Confidential Arbitration Agreement entered by the above-named Parties and dated May 8, 2023 (as amended on December 18, 2024, the "Arbitration Agreement") and the JAMS Comprehensive Arbitration Rules, having been duly sworn, and having heard the proofs and allegations of the Parties, and the parties having stipulated that the award of the arbitrators shall be a Final Award, stating only the relief awarded to the parties, hereby AWARD as follows:

(1) Nokia's affirmative claim against Respondents is denied in its entirety;

(2) Respondents counterclaim against Nokia is denied in its entirety;

(3) Pursuant to Section 3(d) of the Arbitration Agreement, (a) each Party shall bear its own attorneys' fees, and (b) all JAMS administrative and arbitrator fees and costs shall be borne 50% by Nokia and 50% by the Respondents;

(4) Except as expressly awarded herein, all claims, counterclaims, affirmative defenses, requests for relief, and motions not specifically granted are denied; and

(5) This Award is intended to be a Final Award resolving all claims submitted in this arbitration.

/s/ Robert P. Contillo
Robert P. Contillo, P.J. Ch. (ret.)
Chair

/s/ Patricia K. Costello
Patricia K. Costello, A.J.S.C. (ret.)
Arbitrator

/s/ Edna Sussman
Edna Sussman, Esq.
Arbitrator

Dated: August 17, 2026

# EXHIBIT B

**TRENK ISABEL SIDDIQI**
**& SHAHDANIAN P.C.**
290 W. Mt. Pleasant Ave.
Livingston, NJ 07039
(973) 533-1000
David L. Isabel, Esq. (039551993)
disabel@tisslaw.com
Juliana Canevascini (409912022)
jcanevascini@tisslaw.com
Erin Duffin, Esq. (437592024)
eduffin@tisslaw.com
*Attorneys for Petitioner*
*Qwest Corporation d/b/a CenturyLink QC*

**AEGIS LAW GROUP LLP**
801 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 737-3500
Michael K. Ross, Esq.
mross@aegislawgroup.com
Paul C. Rauser, Esq.
prauser@aegislawgroup.com
*Pro hac vice pending*
*Attorneys for Petitioner*
*Verizon Communications Inc.*

**PAUL HASTINGS LLP**
2050 M Street, NW
Washington, DC 20036
(202) 551-1700
Brian D. Israel, Esq.
brianisrael@paulhastings.com
Dylan J. Crosby, Esq.
dylancrosby@paulhastings.com
*Pro hac vice pending*
*Attorneys for Petitioners*
*AT&T Teleholdings, Inc., AT&T Inc., and*
*AT&T DW Holdings, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AT&T TELEHOLDINGS, INC.; AT&T INC.; AT&T DW HOLDINGS, INC., AS SUCCESSOR TO BELLSOUTH CORPORATION; VERIZON COMMUNICATIONS INC.; and QWEST CORPORATION D/B/A CENTURYLINK QC,<br><br>Petitioners,<br><br>- against –<br><br>NOKIA OF AMERICA CORPORATION,<br>Respondent. | CIVIL ACTION NO.:<br><br>**DECLARATION OF DAVID L. ISABEL, ESQ. IN SUPPORT OF THE PETITION TO CONFIRM ARBITRATION AWARD** |

**DAVID L. ISABEL, ESQ.,** of full age, hereby declares and states as follows:

1. I am a director at the law firm of Trenk Isabel Siddiqi & Shahdanian P.C. Our office represents Petitioner Qwest Corporation d/b/a CenturyLink QC. I submit this Declaration on behalf of all Petitioners in support of the Petitioners' Petition to Confirm Arbitration Award.

2. I make this Declaration based on personal knowledge pursuant to L. Civ. R. 5.3(c)(1) and 28 U.S.C. § 1746. I am fully familiar with the facts and circumstances set forth herein.

3. On or about May 8, 2023, Petitioners and Respondent entered into an Arbitration Agreement styled the "Passaic River Matters Confidential Arbitration Agreement."

4. That Arbitration Agreement provides that "[j]udgment on the award may be entered in any court having competent jurisdiction."

5. On or about December 18, 2024, the parties entered into an Amendment to the Arbitration Agreement (the "Amendment").

6. The Amendment provides that "[i]n the event that a Party wishes to enter a judgment on such award, only the final award (instead of the reasoned opinion) may be entered in a court of competent jurisdiction."

7. Petitioners and Respondent conducted a binding arbitration; both the arbitration claims of Respondent and the arbitration counterclaims of Petitioners each involve an amount in controversy exceeding the sum or value of $75,000, exclusive of interest and costs. Exhibit A to the Petition represents a true and correct copy of the August 17, 2026 Final Award entered in the arbitration between the parties.

8. Pursuant to Paragraph 5 of the Arbitration Agreement, the parties mutually agreed that the Arbitration Agreement and any arbitration conducted would be kept "strictly confidential."

9. The Amendment is subject to the same confidentiality requirement as the Arbitration Agreement.

I declare that the facts contained within this declaration are true and correct. I understand that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: August 28, 2026

BY: ______________________________
DAVID L. ISABEL, ESQ.